1  David M. Given (SBN 142375)
   **COUNSEL LLP**
2  230 California Street, Suite 201
3  San Francisco, CA 94111
   Telephone: 415-227-0555
4  Email: dmg@counselllp.com

5

6  Attorney for Defendant OTIS JACKSON, JR.

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| EOTHEN ALAPATT, etc.,<br><br>Plaintiffs,<br><br>v.<br><br>OTIS JACKSON, JR., p/k/a MADLIB,<br><br>Defendant,<br><br>-and-<br><br>MADICINE SHOW, LLC,<br><br>Nominal Defendant. | Case No. 2:25-cv-10813-MAA<br><br>**DEFENDANT OTIS JACKSON JR.'S NOTICE OF MOTION AND MOTION PURSUANT TO RULE 12(b)(1)**<br><br>Date: Jan. 26, 2026<br>Time: 10:00 a.m.<br>Courtroom: 880, 8th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Jan. 26, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 880 located at 255 E. Temple Street, Los Angeles, California, 90012, Defendant Otis Jackson, Jr., p/k/a Madlib, will and hereby does move, pursuant to Federal Rule of Civil Procedure 12(b)(1), for dismissal of the complaint in this action for lack of subject-matter jurisdiction. In the alternative, Defendant requests the Court abstain from proceeding in the action.

This Motion is based upon this Notice of Motion and Motion, as well as the following Memorandum of Points and Authorities and Counsel's declaration with exhibits, together with the pleadings and papers on file in this action, and any further arguments or evidence that the Court may receive before or at the hearing on this Motion.

DATED: December 16, 2025                              COUNSEL LLP

                                                                    By: /s/ David M. Given
                                                                     David M. Given

                                                      Attorney for Defendant OTIS JACKSON, JR.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case involves a dispute over copyright ownership of and rights in and to certain sound recordings featuring Defendant Jackson and released through Nominal Defendant Madicine Show. Plaintiff Alapatt is the member-manager of Madicine Show. Jackson is the other member. Each has a one-half interest in the entity.

Alapatt alleges here that the sound recordings at issue were licensed to Madicine Show for use in its business and are company assets, that the copyrights in those works are owned or co-owned by Madicine Show, and that Jackson has no right to revoke any grant of rights to Madicine Show or to withdraw those works and recover them from Madicine Show.

The Court should dismiss this action under Rule 12(b)(1) for lack of subject-matter jurisdiction. Issues regarding copyright ownership and related contractual rights do not raise a federal question under the Copyright Act. *Scholastic Entertainment v. Fox Entertainment*, 336 F.3d 982, 986 (9th Cir. 2003); *Topolos v. Caldewey*, 698 F.2d 991, 993 (9th Cir. 1983); *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1153 (N.D. Cal. 1999).

In the alternative, the Court should abstain. The same parties are already litigating these identical issues in Los Angeles County Superior Court in the matter of *Jackson v. Alapatt, et al.*, Case No. 24STCP03525 (Hammond, J.), begun over a year ago. Where parallel proceedings involving the same issues and parties are pending in state court when a federal declaratory relief action is filed, *the presumption is in favor of abstention*. *Government Employees v. Dizol*, 133 F. 3d 1220, 1225 (9th Cir. 1998); *Seven Arts v. Fireworks Ent.*, 2005 WL 8159822, at *1-3 (C.D. Cal. Aug. 16, 2005) (Collins, J.). Per the abstention doctrine, the Court should either dismiss the matter without prejudice or stay it pending the outcome of the state court proceeding.

## II.   THE PARTIES

Plaintiff Alapatt is a member-manager of Madicine Show and resides in Los Angeles. (Compl. at ¶ 12.)

Nominal defendant Madicine Show LLC is a California limited liability company which the individual parties co-own. (Compl. at ¶ 13.)

Defendant Jackson is a professional musician (known as "Madlib") and resides in Los Angeles.[1] (Compl. at ¶ 14.)

## III.   RELEVANT ALLEGATIONS & FACTUAL BACKGROUND

On Oct. 31, 2024, Jackson filed a state court complaint against Alapatt, Madicine Show and others.[2] (See Counsel Decl. at ¶ 2 & Ex. 1. See also Compl. at ¶ 25.) That complaint

---

[1] Jackson's reputation is legend. See, e.g., Hilton Als, "The Waves," *The New Yorker* (Jan. 31, 2016). His 2004 album "Madvillainy" (with MF Doom) is often cited on lists of the top rap or hip-hop albums. See, e.g., "The 100 Best Rap Albums of All Time," *Pitchfork* (Sept. 30, 2025) (10th on that list); "The 200 Greatest Hip-Hop Albums of All Time," *Rolling Stone* (June 7, 2022) (18th on that list).

[2] Jackson asks that the Court take judicial notice of those pleadings and papers from the state court action attached to the accompanying declaration pursuant to Federal Rule of Evidence 201.

(amended once) stated four causes of action, as pertinent here, for judicially supervised dissolution and wind up of Madicine Show (Count I), for breach of statutory and common law fiduciary duties against Alapatt (Counts II & III), and for declaratory relief on the subject of the same (Count IV). (See Counsel Decl. at ¶ 3 & Ex. 2.) The fourth and last cause of action asked for a declaration in connection with the requested decree of dissolution that Madicine Show does not own or have the right to continue to control any part of the underlying intellectual property at issue in the case, which consists almost entirely of sound recordings featuring Jackson. (Id. at 11, et seq.)

Alapatt answered and cross-complained to the opposite effect. (See Counsel Decl. at ¶ 4 & Ex. 3.) His cross-complaint included 12 causes of action against Jackson. They consist, among others, of affirmative claims for breach of various agreements among the parties, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and breach of statutory duties of loyalty, etc. (Id.)

In April of this year, Jackson moved for summary adjudication against Madicine Show, seeking a decree of dissolution and appointment of a receiver to assume management and control over Madicine Show's dissolution and windup. (See Counsel Decl. at ¶ 2 & Ex. 1.) In October, the state court held an hour-long hearing on that motion. (See Counsel Decl. at ¶ 5 & Ex. 4.) At that hearing, counsel for both Alapatt and Madicine Show urged that the decision over ownership of intellectual property assets should come before dissolution, and that the decision with regard to the same was with the state court as a matter of law. (Id. at 6:28-8:3 & 23:4-24:5.) The state court later granted the motion in its entirety, ordering Madicine Show's dissolution and windup and granting the request for appointment of a receiver to effectuate the same. (See Counsel Decl. at ¶ 6 & Ex. 5.)

Alapatt then filed this declaratory action. In it, he contends, appointment of a receiver in the state court action "has made immediate federal intervention necessary" because "central to any wind-up will be the disposition of Madicine Show's most valuable assets." (Compl. at ¶ 5.) By that, he means the recordings featuring Jackson, which he contends Madicine Show owns in whole or in part. (Compl. at ¶ 27.)

Counsel have met and conferred telephonically and in writing. (See Counsel Decl. at ¶ 7.) They were unable to reach any agreement on the disposition of this action. (Id.)

### IV.    RULE 12(b)(1) STANDARD

Jackson brings his motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and challenges the Court's subject-matter jurisdiction. Alapatt bears the burden of establishing that jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936). Where the Court determines that subject-matter jurisdiction is lacking, *dismissal is mandatory*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Jackson's motion presents both a facial and a factual challenge to the Court's jurisdiction. See, e.g., *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the Court accepts the allegations of the complaint as true and determines whether they are sufficient to invoke jurisdiction. Id. In a factual challenge, the Court may consider evidence outside the pleadings (like the state court proceedings) and need not presume the truth of Plaintiff's jurisdictional allegations. Id. See also *Thornhill Publ'g v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979). In either a facial or factual challenge, the Court has an independent obligation to assure itself of its subject-matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## V. ARGUMENT

### A. The Federal Court Lacks Subject-Matter Jurisdiction Over Plaintiffs' Action.

The parties are non-diverse. (Compl. at ¶¶ 12-14.) Therefore, the Court must have federal question jurisdiction under 28 U.S.C. § 1338(a) to hear the matter. It does not.

The Ninth Circuit established the bedrock rule applicable here in *Topolos v. Caldewey*, 698 F.2d at 993, when it held that in an action for "a naked declaration of ownership or contractual rights," like the one here, federal question jurisdiction is lacking "even though the claim might incidentally involve a copyright or the Copyright Act." (Citation and quotation omitted.) In short, "contract questions that depend on common law or equitable principles," like those Alapatt raises here, "belong in state court." *Dolch v. United Cal. Bank*, 702 F.2d 178, 180 (9th Cir. 1983) (addressing validity of assignment).

The court extended that rule in *Scholastic Entertainment v. Fox Entertainment*, 336 F.3d at 986, when it held that even in a case alleging copyright infringement (not present here), subject-matter jurisdiction was absent when the core purpose of the federal court filing was to determine ownership in and to copyrighted works. Because questions regarding copyright ownership are governed by state law and "the relevant [federal] statutes create no explicit right of action to enforce or rescind assignments of copyrights, nor does any copyright statute specify a cause of action to fix the locus of ownership," the federal court lacked subject-matter jurisdiction to adjudicate the matter. Id. (citation omitted).

Alapatt contends that resolution of this action requires the interpretation or application of the Copyright Act, and that the federal court therefore has exclusive jurisdiction under 28 U.S.C. § 1338(a). (Compl. at ¶ 8.) In support of that contention, Alapatt alleges that resolution of his declaratory relief claim in this case requires interpretation and application of "17 U.S.C. §§ 101,

6
DEF'S NTC of MTN and MTN
Case No. 2:25-cv-10813-MAA

201, 204, and related provisions governing ownership, transfer, and licensing of copyrighted works," including the duration of an implied, nonexclusive license. (Compl. at ¶ 32.)

But none of the sections of the Copyright Act provide an "explicit right of action." These allegations are therefore facially inadequate to establish subject-matter jurisdiction in this case. On their face, the copyright law issues embedded in Alapatt's declaratory relief action arise from the parties' contractual and business relationship, as evident from the balance of the complaint's allegations. (Compl. at ¶¶ 20-24.)

As pled, "Alapatt brings this action to obtain a judicial declaration of the parties' respective ownership rights in [Jackson's] recordings [and] to confirm that Jackson's works are rightfully the property of Madicine Show." (Compl. at ¶ 7. See also Compl. at ¶ 33.) These allegations do *not* raise a federal question. A "determination of ownership as between alleged co-owners is founded in state law and does not arise under the copyright laws. These rules apply whether co-ownership arises from joint authorship or through co-ownership of rights through a partnership" or other business entity. *Dead Kennedys v. Biafra*, 37 F. Supp. 2d at 1153.

The Court can and should also consider the pleadings from the parties' state court case, especially Alapatt's cross-complaint. (See Counsel Decl. at ¶ 4 & Ex. 3.) In it, he asserts precisely the same claims of ownership, etc., that he makes here. For example, Alapatt alleges that Jackson diverted sales and goodwill from Madicine Show by claiming ownership of Madicine Show's assets. (Cross-Compl. at ¶ 34.)

B. **Alternatively, the Court Should Abstain from Hearing This Action Pending the Outcome of the Parties' State Court Action.**

Should the Court find that dismissal is not appropriate under Rule 12(b)(1), Alapatt respectfully requests that the Court abstain from hearing Plaintiffs' federal action pending the outcome of the parties' state court action.

Alapatt styled his federal action as exclusively one for declaratory relief. The applicable test under the abstention doctrine is therefore far more "lenient," and a showing of "exceptional circumstances" is not required. *Wilton v. Seven Falls*, 515 U.S. at 287-89. Indeed, where parallel proceedings involving the same issues and parties are pending in state court when the federal declaratory relief action is filed, *there is a presumption in favor of abstention*. *Government Employees v. Dizol*, 133 F. 3d at 1225. Indeed, "federal courts should generally decline to entertain reactive declaratory actions." Id.

Here, the case for abstention is conclusively established by the discussion above. The Court lacks subject-matter jurisdiction.

Judge Collins' decision in *Seven Arts v. Fireworks Ent.*, 2005 WL 8159822, provides guidance. In that case, the court held that the plaintiffs' federal action, involving "the same transactions and events as each of the previous cases," requesting the same relief, and including almost all the same parties or their successors, had simply "recast [the plaintiffs' state court] complaint in terms of copyright." Id. at *5. Thus, "that some of the ownership rights at issue [involved] copyrights [was] immaterial to what [had] consistently been characterized by plaintiffs as a dispute over ownership, and the attendant right to use, under the [parties'] contract." Id. at *4 (citation omitted).

The Ninth Circuit later affirmed Judge Collins' stay, noting that "the existence of Seven Arts' copyright claims, as it [conceded, turned] on the prior resolution of the [parties'] contract claims." *Seven Arts v. Fireworks Ent.*, 244 F. App'x 836, 838 (9th Cir. 2007). Seven Arts later secured a declaration that it was and at all relevant times had been the owner of the copyrights at issue; this disposition (made at summary judgment) was predicated on the adjudication of the parties' contract claims in the other action. *Seven Arts v. Content Media*, 733 F.3d 1251, 1252 (9th Cir. 2013).

The issues in the parties' state court action are identical or nearly so to those raised in this one. Both Alapatt's and Madicine Show's counsel concluded as much in the state court action. (See Counsel Decl. at ¶ 5 & Ex. 4.) Furthermore, as the state court proceeding adequately protects the rights of the parties with an interest in Madicine Show and its assets, if any, the circumstances strongly suggest improper and abusive forum shopping. The state court action was pending for more than one year before Alapatt brought this action. The parties joined issue on the subject raised by that action months ago. This "time difference [supports] affording deference to the Superior Court," especially as Alapatt's "federal action [has] not progressed" at all. *Sea Prestigio v. M/Y TRITON*, 787 F. Supp. 2d 1118, 1119-20 (S.D. Cal. 2011). See also *El Centro Foods v. Nazarian*, 2010 WL 1710286, at *3 (C.D. Cal. Apr. 21, 2010) (same). Ultimately, the timing of Plaintiffs' federal filing suggests that Alapatt disagreed with Judge Hammond's decision ordering the dissolution of Madicine Show and appointing a receiver for that purpose, so he filed a case in federal court in a deliberate attempt to obstruct and frustrate the state court proceeding.

Given the above, the Court should abstain and either dismiss the case without prejudice or stay it pending final adjudication of the parties' state court proceeding.

## VI. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' action for lack of subject-matter jurisdiction. Alternatively, the Court should abstain from hearing Plaintiffs' case pending the outcome of the parties' state court action.

DATED: December 16, 2025                COUNSEL LLP

By: /s/ David M. Given
David M. Given

Attorney for Defendant OTIS JACKSON, JR.