**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EOTHEN ALAPATT,<br><br>                Plaintiff,<br><br>    v.<br><br>OTIS JACKSON, JR.,<br><br>                Defendant. | Case No. 2:25-cv-10813-MAA<br><br>**ORDER DENYING MOTION TO DISMISS COMPLAINT (ECF No. 10)** |

I.    **INTRODUCTION**

Before the Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) filed by Defendant Otis Jackson, Jr., p/k/a Madlib ("Defendant") ("Motion").  (Mot., ECF No. 10.)  In support of the Motion, Defendant filed the Declaration of David M. Given ("Given Declaration") and Exhibits 1 through 5 ("Defendant's Exhibits").  (Given Decl., ECF No. 10-1 at 1–2; Def.'s Exs. 1–5, ECF No. 10-1 at 3–88.)  Plaintiff Eothen Alapatt ("Plaintiff") filed an opposition to the Motion ("Opposition").  (Opp'n, ECF No. 13.)  In support of the Opposition, Plaintiff filed the Declaration of Jonah A. Grossbart ("Grossbart Declaration") and Exhibits A and B ("Plaintiff's Exhibits").  (Grossbart Decl., ECF No. 13-1; Pl.'s Ex. A, ECF No. 13-2; Pl.'s Ex. B, ECF No. 13-3.)  Defendant filed a

reply in support of the Motion ("Reply").  (Repl., ECF No. 15.)  In support of the Reply, Defendant filed the Supplemental Declaration of David M. Given ("Given Supplemental Declaration").  (Given Supp. Decl., ECF No. 15-1.)

The Court deems the Motion appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons stated below, the Court **DENIES** the Motion.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a music producer and businessperson.  (Compl. ¶ 12.)  Defendant is a music producer and recording artist.  (*Id.* at ¶ 14.)  In 2011, Plaintiff and Defendant co-founded nominal defendant Madicine Show, LLC ("Madicine Show"), a boutique music-catalogue enterprise engaged in the creation, licensing, and distribution of recorded hip-hop works.  (*Id.* at ¶¶ 1–2, 12–14, 20.)  Plaintiff and Defendant collaborated as follows: Defendant generated "beats" and instrumental compositions, and Plaintiff shaped those materials into finished songs by pairing them with recording artists' performances and producing those projects.  (*Id.* at ¶¶ 2, 20–21.)  Defendant granted Madicine Show the rights necessary to exploit his recordings and Plaintiff, in turn, managed their licensing, distribution, and collaboration with third-party artists.  (*Id.* at ¶ 3.)

In 2022, the relationship soured when Defendant obtained a new transactional attorney and manager and cut off communication and cooperation with Plaintiff.  (*Id.* ¶ 24.)  In 2024, Defendant created a new music entity called Madlib Invazion, LLC, which was the same name that Madicine Show used publicly as its "DBA."  (*Id.*)  On October 31, 2024, Defendant filed a lawsuit in state court (Superior Court of California, County of Los Angeles, Case No. 24STC903525) against Plaintiff, Madicine Show, and others.  (*Id.* at ¶¶ 4, 25; Given Decl. ¶ 2; Def.'s Ex. 1.)  Defendant's amended complaint brought claims for the Judicially Supervised Dissolution and Wind Up of the Entities; Breach of

2

Statutory Duties of Loyalty, Care, and Good Faith; Breach of Common Law Fiduciary Duty; and Declaratory Relief.  (Compl. ¶ 25; Def.'s Ex. 2; Pl.'s Ex. A.)  Plaintiff answered and brought crossclaims to the opposite effect.  (Given Decl. ¶ 4; Def.'s Ex. 3.)  On April 11, 2025, Defendant moved for summary adjudication against Madicine Show, seeking a decree of dissolution and appointment of a receiver to assume management and control over Madicine Show's dissolution and wind-up.  (Compl. ¶ 26; Given Decl. ¶ 2; Def.'s Ex. 1.)  On October 10, 2025, the state court judge held a hearing (Given Decl. ¶ 5; Def.'s Ex. 4) and later granted the motion in its entirety (Compl. ¶¶ 5, 25; Given Decl. ¶ 6; Def.'s Ex. 5).

"At the center of the proposed wind-up lies the question of who owns the copyrights in the recordings created and exploited by Madicine Show."  (Compl. ¶ 26.)  Defendant contends that the recordings are his personal property and seeks to withdraw them from Madicine Show's assets.  (*Id.*)  Plaintiff contends that the recordings are owned, co-owned, or controlled by an implied license to Madicine Show and must remain within its catalog to be properly administered and distributed in the dissolution.  (*Id.* at ¶ 27.)  On this basis, Plaintiff brings this action derivatively on behalf of Madicine Show to obtain a judicial declaration of the parties' respective ownership rights in the records.  (*Id.* at ¶¶ 7, 30–33.)  Plaintiff alleges resolution of this controversy requires interpretation of the Copyright Act.  (*Id.* ¶ 32.)

For the reasons stated below, the Court **DENIES** the Motion.

## III.    LEGAL STANDARD

Under Rule 12(b)(1), a defendant may raise either a facial or a factual challenge to a federal court's subject matter jurisdiction.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual.").  A facial attack asserts that the "allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas a factual attack

3

"disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a factual attack, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)).

Here, Plaintiff alleges that the Court has subject matter jurisdiction under the Copyright Act (Compl. ¶¶ 8, 9, 32) and Defendant disputes this (*see generally* Mot.). Thus, the Motion challenges the existence of subject matter jurisdiction, not simply the adequacy of the Complaint's allegations. Accordingly, the Court analyzes the Motion as a factual attack under Rule 12(b)(1) and considers the exhibits attached to the Motion, Opposition, and Reply in determining whether Plaintiff has satisfied his burden of establishing the Court's subject matter jurisdiction. Specifically, the Court considers the following documents: a copy of the docket report in the underlying state court action (Def.'s Ex. 1); a copy of Defendant's (state court plaintiff's) first amended complaint filed in that action (Def.'s Ex. 2; Pl.'s Ex. A); a copy of Plaintiff's (state court defendant's) cross-complaint in that action (Def.'s Ex. 3); a copy of the reporter's transcript of the October 10, 2025 hearing on Defendant's (state court plaintiff's) motion for summary adjudication and appointment of a receiver (Def.'s Ex. 4); and a copy of the state court judge's order granting that motion (Def.'s Ex. 5).[1]

---

[1] Defendant requests that the Court take judicial notice of Defendant's Exhibits 1 through 5. (Mot. 3 n.2.) To the extent it is necessary to make this request, in that the Court already may consider these materials as part of its Rule 12(b)(1) analysis,

## IV.  DISCUSSION

Defendant contends the Court lacks subject matter jurisdiction over this action because it arises under state law (Mot. 6–7) and that, alternatively, the Court should abstain from hearing the action pending the outcome of the state court action (*id.* at 8–9).  Plaintiff argues that the Complaint confers subject matter jurisdiction because it requires interpretation of the Copyright Act with respect to implied copyright licenses and license termination (Opp'n 7–12) and that abstention is improper because this action presents a federal question that must be resolved before resolution of the state court action (*id.* at 12–13).  Through his Reply, Defendant maintains that the sole question for consideration arises under state contract law (Repl. 3–4) and that, in the alternative, abstention is proper (*id.* at 4–5).

For the reasons stated below, the Court concludes that Plaintiff has satisfied his burden of establishing subject matter jurisdiction.  Accordingly, the Court **DENIES** the Motion.

### A.  Preliminary Matter: Local Rule 7-3

Plaintiff contends the Motion should be dismissed because, before filing the Motion, Defendant failed to "engage in a meaningful, substantive, meet-and-confer process," as required by Central District of California Local Civil Rule ("Local Rule") 7-3.  (Opp'n 6–7.)

Local Rule 7-3 requires that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R.

---

the Court finds that Defendant's Exhibits 1 through 5 are proper subjects of judicial notice.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 750 n.6 (9th Cir. 2006) (courts can take judicial notice of court filings and other matters of public record).

7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion" and if the parties are unable to reach a resolution, "counsel for the moving party must include a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.*

"When a party fails to comply with Local Rule 7-3, the Court can, in its discretion, refuse to consider the motion." *Officia Imaging, Inc. v. Langridge*, No. CV 17-2228-DOC (DFMx), 2018 U.S. Dist. LEXIS 226887, at *13 (C.D. Cal. Aug. 7, 2018); *see* C.D. Cal. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 . . . ."); *Cerelux Ltd. v. Shao*, No. CV 17-02909-MWF (KSx), 2017 U.S. Dist. LEXIS 211039, at *2–3 (C.D. Cal. June 9, 2017) (denying motion to dismiss for failure to comply with Local Rule 7-3); *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC (MLGx), 2012 U.S. Dist. LEXIS 5196, at *5 (C.D. Cal. Jan. 13, 2012) (denying motion for summary judgment for failure to comply with Local Rule 7-3).  However, "[d]ecisions from the Central District of California reflect a flexible approach to the application of Local Rule 7-3," *Threshold Media Corp. v. Relativity Media, LLC*, 166 F. Supp. 3d 1011, 1015 (C.D. Cal. 2013), and district courts routinely decide motions on the merits where the moving party has satisfied the requirements of Local Rule 7-3 "in substance if not in form," *id.* at 1016.

Here, Defendant filed his Motion on December 16, 2025; thus, Local Rule 7-3 required a conference by December 9, 2025.  Plaintiff's Exhibit B indicates that the parties conferred on November 12, 2025 and November 17, 2025 (Pl.'s Ex. B at 9–11) and thereafter exchanged emails on December 3, 2025, December 5, 2025, and December 8, 2025 (*id.* at 2–9).  Plaintiff's Exhibit B further indicates that the parties discussed the substance of the Motion and their positions did not—and have not—changed.  (*See id.* at 2–11.)  To that end, the Given Declaration states:

"Counsel have met and conferred telephonically and in writing on the subjects addressed in the present motion" but "were unable to reach any agreement on the disposition of this action." (Given Decl. ¶ 7; *see also* Mot. 5.) The Court finds this satisfies Local Rule 7-3.

For this reason, the Court analyzes the Motion on the merits.

### B. Subject Matter Jurisdiction

Defendant argues the Court does not have subject matter jurisdiction because the Complaint only seeks a determination of copyright ownership which is governed by state law. (Mot. 6–7.) Plaintiff argues the Court has subject matter jurisdiction because the existence and scope of an implied license is governed by the Copyright Act and therefore resolution of this dispute requires interpretation of the Copyright Act. (Opp'n 7–10.) In his Reply, Defendant maintains that the sole question is decided by state contract law. (Repl. 4.)

Under 28 U.S.C. § 1338(a), federal courts "shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights . . . ." 28 U.S.C. § 1338(a). At the same time, it is well-established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists. *Vestron, Inc. v. Home Box Off., Inc.,* 839 F.2d 1380, 1381 (9th Cir. 1998) ("Although the action clearly involves a copyright, this fact alone does not satisfy federal jurisdictional requirements."). Thus, "[f]ederal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law." *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (citing *Dolch v. United California Bank,* 702 F.2d 178, 180 (9th Cir.1983)). Federal courts "walk a fine line between usurping the power of the state courts and providing redress for copyright infringement. This balancing act is further complicated by the interdependence of contract and copyright claims, which can camouflage the genuine issues to be resolved." *Id.* at 986.

To determine whether an action "arises under" the Copyright Act, the Ninth Circuit follows the majority rule as outlined in *T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir. 1964) ("*T.B. Harms*"). *See, e.g.*, *Scholastic Ent., Inc.*, 336 F.3d at 986 ("The Ninth Circuit follows the majority rule as outlined in *T.B. Harms*."). Therefore, for this Court to exercise subject matter jurisdiction under the Copyright Act, it must decide whether the Complaint (1) "is for a remedy expressly granted by the Act," (2) "asserts a claim requiring construction of the Act," or (3) "presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." *Vestron, Inc.*, 839 F.2d at 1381 (quoting *T.B. Harms*, 339 F.2d at 828). This essentially is a reiteration of the "well-pleaded complaint" rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint. *ARCO Env't Remediation, L.L.C. v. Dep't of Health and Env't Quality of the State of Montana,* 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Republican Party of Guam v. Gutierrez,* 277 F.3d 1086, 1088–89 (9th Cir. 2002). Thus, the inquiry "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation or avoidance of defenses." *Vestron*, *Inc.*, 839 F.2d at 1381 (quoting *Franchise Tax. Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10 (1983)).

### 1.   The Complaint Is Not for a Remedy Expressly Provided by the Copyright Act.

The ground for subject matter jurisdiction under the Copyright Act and 28 U.S.C. § 1338(a) is when the complaint "[asks] for a remedy expressly granted by the [Copyright] Act." *T.B. Harms*, 339 F.2d at 828. A federal district court clearly possesses subject matter jurisdiction over copyright infringement claims because those matters seek explicit remedies provided by the Copyright Act at 17 U.S.C. §§ 502 to 513. *See Vestron, Inc.*, 839 F.2d at 1382 ("The complaint makes out an

8

infringement claim and seeks remedies expressly created by federal copyright law."); *Topolos v. Caldeway*, 698 F.2d 991, 994–95 (9th Cir. 1983) (finding that a plaintiff's allegations of copyright infringement were sufficient to confer subject matter jurisdiction).

Here, Plaintiff does not make any allegations concerning copyright infringement, nor does he seek any remedies under those statutory provisions. (*See generally* Compl.) Instead, Plaintiff seeks a declaration that: "[t]he sound recordings at issue were created and exploited through Madicine Show under licenses granted by Jackson to Madicine Show"; "[t]he copyrights in those works are owned or co-owned by Madicine Show and not solely by Jackson"; "Jackson has no right to unilaterally revoke or withdraw those works from the Madicine Show catalog"; and "[a]ny proceeds, royalties, or reversionary rights relating to the works are to be administered and distributed in according [sic] with Madicine Show's ownership interests." (Compl. ¶ 33.) Plaintiff seeks this declaration pursuant to 28 U.S.C. § 2201 of the Declaratory Judgment Act (*id.*) but argues resolution of this controversy requires "interpretation and application of the Copyright Act, including 17 U.S.C. §§ 101, 201, 204, and related provisions governing ownership, transfer, and licensing of copyrighted works." (*Id.* at ¶ 32.) However, "the Declaratory Judgment Act does not by itself confer federal subject-matter jurisdiction." *N. Cnty. Commc'ns Corp. v. California Catalog & Tech.*, 594 F.3d 1149, 1154 (9th Cir. 2010) (quoting *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005)). Nor do the sections of the Copyright Act upon which Plaintiff relies provide declaratory remedies. *See* 17 U.S.C. §§ 101 (defining terms), 201 (describing ownership of copyright), 204 (describing execution of transfers of copyright ownership).

For these reasons, Plaintiff's request for declaratory relief does not "[ask] for a remedy expressly granted by the [Copyright] Act" and, thus, fails to confer subject matter jurisdiction. *T.B. Harms*, 339 F.2d at 828.

2.      The Complaint Requires Construction of the Copyright Act.

Although the Copyright Act does not confer subject matter jurisdiction upon the Court through the first prong of *T.B. Harms*, the Court still must determine whether subject matter jurisdiction is conferred under the second or third prongs of *T.B. Harms*. *See T.B. Harms*, 339 F.2d at 828; *see also* 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 12.01[A][1][*a*]–[*c*], Lexis (2026). Examining the face of the Complaint and unaided by any of Defendant's possible defenses, Plaintiff alleges that: Defendant granted Madicine Show the rights necessary to exploit his recordings and Plaintiff, in turn, managed their licensing, distribution, and collaboration with third party artists (Compl. ¶¶ 3, 5, 23); at all relevant times, the works were provided to Madicine Show for its use and commercialization, not for Defendant's unilateral ownership or control (*id.* at ¶ 23); the recordings at issue "remain company assets, and their ownership must be determined under the Copyright Act" (*id.* at ¶ 6); ownership in the recordings was licensed to Madicine Show and Defendant cannot revoke them unilaterally (*id.* at ¶ 27); "[u]nder the Copyright Act and pertinent course of conduct, the copyrights are owned, co-owned, or controlled by an implied license by Madicine Show and must remain within its catalog to be properly administered and distributed in the dissolution" (*id.*); and resolution of this controversy requires interpretation of the Copyright Act (*id.* at ¶ 32). Through his Opposition, Plaintiff argues that resolution of this action requires the Court to interpret 17 U.S.C. § 203 ("Section 203"). (Opp'n 8.) The Court agrees and concludes that it possesses subject matter jurisdiction under the Copyright Act and 28 U.S.C. § 1338(a) because Plaintiff's claim "require[s] construction of the [Copyright] Act," the second prong of *T.B. Harms*. *See T.B. Harms*, 339 F.2d at 828.

Section 203 establishes a comprehensive federal framework for termination of licenses granted by the authority of any copyright made on or after January 1, 1978. 17 U.S.C. § 203. In relevant part, it provides that licensing agreements are

not terminable at will from the moment of creation; instead, they are terminable at the will of the author only during a five-year period beginning at the end of thirty-five years from the date of execution of the license unless they explicitly specify an earlier termination date. *See* 17 U.S.C. § 203(a)(3). In the Ninth Circuit, an implied, non-exclusive license for an unspecified duration is subject to the procedural mechanism outlined in Section 203. *See Rano v. Sipa Press, Inc.*, 987 F.2d 580, 585–586 (9th Cir. 1993), *as amended* (Mar. 24, 1993) (holding that Section 203 preempts California's termination-at-will rule of contract construction). Put simply, Plaintiff contends that Defendant's attempt to remove the recordings from Madicine Show's catalog—which allegedly are subject to an implied, non-exclusive license for an unspecified duration—violates Section 203's procedural mechanism. Thus, in order to resolve Plaintiff's claim, "construction of the [Copyright] Act" is required, *T.B. Harms,* 339 F.2d at 828, because the Court must determine whether Defendant complied with Section 203.

Though without identifying a specific prong under *T.B. Harms*, lower federal courts have exercised subject matter jurisdiction, without reversal on that ground, when similar claims have been alleged. *See, e.g.*, *Century of Progress Prods. v. Vivendi S.A.*, No. CV 16-7733 DMG, 2018 U.S. Dist. LEXIS 153316, at *3 n.1 (C.D. Cal. Aug. 28, 2018) (finding "this Court has subject matter jurisdiction over the action by virtue of Plaintiffs' causes of action for declaratory relief under the federal Copyright Act" which were based on allegations that involved construction of Section 203 of the Copyright Act); *see also Music Sales Corp. v. Morris*, 73 F. Supp. 2d 364, 366 (S.D.N.Y. 1999) (finding in declaratory action that "this Court has federal question jurisdiction over this dispute because the issues presented arise under the Federal Copyright Act, 17 U.S.C. § 304."). Additionally, even without making explicit subject matter jurisdiction determinations pursuant to *T.B. Harms*, a number of appellate court decisions necessarily have assumed subject matter jurisdiction when plaintiffs brought claims seeking review of the exercise of

11

statutory termination rights conferred by Section 203 or its counterpart 17 U.S.C. § 304(c) ("Section 304(c)")).[2] *See Baldwin v. EMI Feist Catalog, Inc.*, 805 F.3d 18, 31–34 (2d Cir. 2015) (assuming subject matter jurisdiction in order to determine the proper date of a statutory termination under Section 203); *Penguin Grp. (USA) Inc. v. Steinbeck*, 537 F.3d 193, 202–04 (2d. Cir. 2008) (assuming subject matter jurisdiction in holding  that an agreement did not violate Section 304(c)); *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008) (assuming subject matter jurisdiction in holding that daughter of deceased author effectively exercised her termination right under Section 304(c)); *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1043–48 (9th Cir. 2005) (assuming subject matter jurisdiction in holding that an agreement did not violate Section 304(c)); *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 292 (2d Cir. 2002) (assuming subject matter jurisdiction in holding that an agreement did violate Section 304(c)). Because Plaintiff specifically alleges that Defendant violated the procedural requirements of the Copyright Act's "provisions regarding ownership, transfer, and licensing of copyrighted works" (Compl. ¶ 32), he "asserts a claim requiring construction of the Act," *T.B. Harms*, 339 F.2d at 828, and the Court has subject matter jurisdiction over this action.

Defendant contends that Plaintiff's copyright allegations actually are rooted in state law.  (Mot. 6–7.)  In support of this argument, Defendant relies on two cases where the Ninth Circuit found that subject matter jurisdiction was not conferred upon the federal court—*Scholastic Ent.*, *Inc.* and *Dolch*.  (*Id.*)  This argument ignores the express allegations contained within Plaintiff's Complaint and misplaces its reliance upon appellate decisions dismissing complaints for lack of subject matter jurisdiction when the complaints sought to adjudicate the ownership

---

[2] Section 304(c) "is 'a close but not exact counterpart of section 203.'" *Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1113 (9th Cir. 2015) (quoting H.R. REP. No. 94–176, at 140).

of a copyright or invalidate an agreement on state law grounds, including for insufficient consideration, fraud, or an invalid assignment, neither of which had implications for the Copyright Act.  In *Scholastic Ent., Inc.*, the Ninth Circuit held that subject matter jurisdiction was absent when, based upon the termination of a written contract involving a copyright license with definite duration, and plaintiff's stipulation that it would not relicense the copyrights until a determination as to the status of the contract was made, copyright ownership was the "sole question" presented for judicial review.  336 F.3d at 988.  Further, because California state contract laws governed whether a party retained the right to terminate a copyright license of definite duration, "neither Section 203, nor any other provision of the Copyright Act" conferred subject matter jurisdiction to the federal court.  *Id.* at 988–989.  In *Dolch*, the Ninth Circuit held that there was no subject matter jurisdiction under the Copyright Act because a claim only sought to overturn a contractual assignment of copyright renewal rights, a theory resting "entirely on state law," and the Copyright Act did not govern the conditions of a valid assignment.  702 F.2d at 180–81.

Here, the Complaint does not involve any written contract, definite duration, or contractual assignment.  Nor does Plaintiff seek to prevent Defendant from removing the recordings from Madincine Show's catalogue based upon any theory premised on state law.  Rather, he seeks a determination that removing the recordings would contravene the explicit provisions of the Copyright Act by ignoring the various procedural requirements embodied therein.  (Compl. ¶¶ 22–23.)  Plaintiff is the "master" of his Complaint, not Defendant, and Defendant cannot include novel legal theories about the alleged attempts to terminate the implied license that are noticeably absent from Plaintiff's Complaint.  *See Effects Assocs., Inc. v. Cohen*¸ 817 F.2d 72, 73 (9th Cir. 1987) (explaining that, under the well-pleaded complaint rule, plaintiff was the "master" of his complaint and free to invoke federal jurisdiction by pleading the elements of copyright infringement,

13

rather than breach of contract). Accordingly, the Court finds Defendant's reliance upon *Scholastic* and *Dolch* is legally misplaced and his attempt to recharacterize the plain language of the Complaint—which specifically alleges violation of the Copyright Act's statutory provisions—is in contravention of well-established law.

In sum, the Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1338(a) and the Copyright Act because the Complaint expressly alleges that Defendant ignored procedural requirements embodied within the Copyright Act, which requires the Court to engage in a construction of the Copyright Act. Such is sufficient to confer jurisdiction upon the Court as it falls under the second prong of the *T.B. Harms* analysis. *See Vestron, Inc.*, 839 F.2d at 1381 ("If any of these three grounds is satisfied, the federal courts have jurisdiction.").

For these reasons, Defendant's Motion is **DENIED**.

### C.    Abstention

Defendant argues that, even if the Court has subject matter jurisdiction, it should abstain from hearing this case pending the outcome of the state court action. (Mot. at 8–9.) Plaintiff responds that abstention is improper because this action presents a federal question that must be resolved before resolution of the state court action. (Opp'n 12–13.)

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Ninth Circuit has explained that "[t]wo issues are presented to the district court by this statutory pronouncement." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction." *Id.* If so, "the court must decide whether to exercise that jurisdiction." *See id.* at 143-44; *see also id.* at

///

14

144 (finding that the language of the Declaratory Judgment Act "gives discretion to courts in deciding whether to entertain declaratory judgments").

"[D]istrict courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Ninth Circuit has articulated three factors—to which courts refer as the *Brillhart* factors—to guide this exercise of discretion: (1) "the district court should avoid needless determination of state law issues"; (2) "it should discourage litigants from filing declaratory actions as a means of forum shopping"; and (3) "it should avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). While these factors are not exhaustive and courts may consider a number of other factors, they provide "the philosophic touchstone" for whether a federal district court should decline to exercise jurisdiction in light of a pending state court proceeding. *See Gov't Emps Ins. Co,* 133 F.3d at 1225.

Defendant contends the Court should abstain from exercising its subject matter jurisdiction because the issues in the parties' state court action are "identical or nearly identical" to those raised in this federal action and Plaintiff merely is forum shopping because he disagreed with the state court judge's decision regarding dissolution. (Mot. 9.) In opposition, Plaintiff argues "this case presents concrete issues under the Copyright Act" which "must be resolved by this Court before the state court can permit any receiver to dispose of the sound recordings at issue." (Opp'n 13.) The Court agrees with Plaintiff. Here, as discussed above, Plaintiff's request for declaratory relief does not require the Court to determine state law issues; rather, Plaintiff seeks that the Court determine a federal question— the interpretation of Section 203 of the Copyright Act. Nor does the Court find that the Complaint presents issues of forum shopping or duplicative litigation; rather, Plaintiff seeks a declaration in federal court for the precise purpose of proceeding in

the related, but discrete, dissolution proceedings in state court.  Accordingly, all of the *Brillhart* factors weigh against abstention.

For these reasons, the Court concludes that abstention is not warranted under the *Brillhart* factors.

## V.    ORDER

Consistent with the foregoing, **IT IS ORDERED** that the Motion is **DENIED**, the case proceed, and Defendant file an answer to the Complaint within thirty (30) days from entry of this Order.

DATED: June 9, 2026

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

16