David M. Given (SBN 142375)
COUNSEL LLP
230 California Street, Suite 201
San Francisco, CA 94111
Telephone: 415-227-0555
Email: dgiven@counselllp.com

Attorney for Defendant OTIS JACKSON, JR.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

EOTHEN ALAPATT, etc.,

   Plaintiff,

 v.

OTIS JACKSON, JR., p/k/a MADLIB,

   Defendant,

-and-

MADICINE SHOW, LLC,

   Nominal Defendant.

Case No.: 2:25–cv–10813–JDE

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION**

Date: Aug. 13, 2026
Time: 10:00 a.m.
Courtroom: 6A, 6th Floor

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

 **PLEASE TAKE NOTICE** that on August 13, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 6A located at 411 West Fourth Street, Santa Ana, California, 92701, Defendant Otis Jackson, Jr., p/k/a Madlib, will and hereby does move for reconsideration of this Court's June 9,

2026 Order Denying Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (DE 18, the "Order.")

This Motion is made pursuant to Central District Local Rule 7-18(b) and (c) on these grounds:

1. **Emergence of New Material Facts (L.R. 7-18(b)) Regarding Abstention:** The prior motion sought a dismissal or stay of this declaratory relief action based on abstention in deference to an earlier-filed, pending state court proceeding over the same disputed subject. Following the full briefing and submission of that motion without argument (DE 17), the state court took custody and control over the *res* at issue in this litigation (i.e., the sound recordings), transforming the case into a state-managed *in rem* proceeding, thus requiring this Court to abstain and dismiss this case as a matter of law.

2. **Failure to Consider Material Facts (L.R. 7-18(c)) Regarding Subject Matter Jurisdiction:** The prior motion also sought dismissal for lack of subject matter jurisdiction. The Order explicitly recognized that Defendant mounted a factual 12(b)(1) challenge; nonetheless, it failed to consider the material facts presented by Defendant, and assumed the truth of Plaintiff's allegations, thus misapplying the pertinent legal test.

This Motion is based upon this Notice of Motion and Motion, as well as the following Memorandum of Points and Authorities and the accompanying Declaration of Counsel ("Counsel Decl."), together with the pleadings and papers on file in this action and any further arguments or evidence that the Court may receive before or at the hearing on this Motion.

DATED: June 23, 2026                      COUNSEL LLP
                                          By: /s/ David M. Given
                                          David M. Given

DEF'S NOTICE OF MOTION AND MOTION
Case No. 2:25–cv–10813–JDE

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant respectfully asks for reconsideration of the Order denying his motion to dismiss this action on abstention and jurisdictional grounds.

**First**, subsequent developments in the related, earlier-filed state court proceeding make abstention in this case mandatory because the state court has now acquired custody and control of the recordings at issue here. These developments justify reconsidering the Court's prior decision not to abstain in this declaratory relief action.

**Second**, despite the Court's recognizing that Defendant brought a factual challenge under Rule 12(b)(1), the Order's analysis of subject matter jurisdiction did not reflect a factual inquiry. Instead, the Court analyzed the prior motion as if it were a facial attack and accepted Plaintiff's pleadings as if they were true. In doing so, the Court failed to consider and give due weight to dispositive material facts presented by Defendant concerning the central question in the parties' dispute: Whether the parties' conduct created an implied license to use the recordings at issue. That question is governed by state law, per *Foad Consulting v. Azzalino*, 270 F.3d 821 (9th Cir. 2001). The motion should therefore be reconsidered to address the factual record presented on that subject.

### II.    SUBSEQUENT MATERIAL DEVELOPMENTS MANDATE DISMISSAL ON FEDERAL ABSTENTION GROUNDS

Under Local Rule 7-18(b), reconsideration is appropriate where, as here, highly material facts emerge after the Court takes a matter under submission for decision. Since the Court took the Motion to Dismiss under submission, the factual landscape has fundamentally shifted in three material ways:

**First**, on Jan. 23, 2026, as directed by the state court, Plaintiff executed a formal Certificate of Dissolution (Form LLC-3) and filed it with the California

Secretary of State, effectively dissolving Nominal Defendant Madicine Show, LLC, and commencing the formal wind up of its business. (See Counsel Decl. at ¶ 4, Ex. A.)

**Second**, on Feb. 25, 2026, the state court's appointed Receiver was bonded and sworn in. (See Counsel Decl. at ¶ 5.) Thereafter, acting as an officer of the state court and per the state court's direction, the Receiver took actual, exclusive custody of and administrative control over the relevant asset pool. (See id.)

**Third**, on April 17, 2026, the Receiver filed with the state court his Initial Inventory of Receivership Property, identifying and thereby officially establishing his exclusive custody of and control over that property. (See Counsel Decl. at ¶ 6, Ex. B.) That property includes the sound recordings at issue here. (See id.)

By taking exclusive possession of these sound recordings, the Receiver effectively transformed the state litigation into an *in rem* proceeding. Under well-established abstention law, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank*, 651 F.3d 1039, 1043 (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). As reflected in the Receiver's Inventory, the state court's jurisdiction covers both the physical sound recordings as well as their underlying "intellectual property." *Hendricks & Lewis v. Clinton*, 766 F.3d 991, 995 & 998–99 (9th Cir. 2014) (*held*, sound recording copyrights are species of property subject to court-appointed receiver's custody, assignment, and judicial sale); see also *Office Depot v. Zuccarini*, 596 F.3d 696, 700–02 (9th Cir. 2010) (*quasi in rem* jurisdiction applies to intangible assets).

Crucially for present purposes, although the doctrine is rooted in comity and the avoidance of piecemeal litigation, "it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." *Chapman*, 651 F.3d at 1043 (quoting *State Eng'r v. South Fork Band of Te-Moak Tribe*, 339 F.3d 804,

4

810 (9th Cir. 2003)). As summarized by the Supreme Court, where, as here, the jurisdiction of a state court has first attached to a *res*, the federal court is completely "precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction." *Id*. at 1044 (quoting *Kline v. Burke Construction*, 260 U.S. 226, 229 (1922)).

Because the state court has now assumed exclusive custody and control over this specific asset pool, including the recordings at issue here, this Court should reconsider its prior Order and abstain from exercising concurrent jurisdiction in this declaratory relief action. By this action, Plaintiff asks the Court to determine ownership of the property in the possession and *in rem* jurisdiction of the state court. However, under binding Supreme Court and Ninth Circuit authority, the state court's jurisdiction over both the tangible and intangible *res* is now absolute, thereby precluding this Court from exercising concurrent jurisdiction.

In addition to the continuing pendency of this action interfering with the state court's *in rem* jurisdiction, the Court's prior analysis inverted the relevant questions. Although the Order concluded that whether an implied license had been terminated was a question of federal copyright law, the Court's analysis raises the question—governed by state law—of whether any such license or shared ownership of the works in question was created in the first place. *Foad*, 270 F.3d at 827; *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1153 (N.D. Cal. 1999) (*held*, "determination of ownership as between alleged co-owners is founded in state law and does not arise under the copyright laws"). If the state court determines no ownership or transfer occurred, the question of whether there was a termination under federal law is moot.

Not only has the Receiver taken possession and administrative control of the disputed recordings, but a merits jury trial has been scheduled for July 2027

DEF'S NOTICE OF MOTION AND MOTION
Case No. 2:25–cv–10813–JDE

together with associated pre-trial deadlines. (See Counsel Decl. at ¶ 7.) Allowing this nascent declaratory relief action to proceed concerning the same *res* already at issue in the pending, parallel state *in rem* proceeding will create precisely the interference, procedural chaos, and waste of resources requiring abstention.

### III. THE ORDER FAILED TO CONSIDER MATERIAL FACTS BY EVALUATING A FACTUAL ATTACK UNDER A FACIAL STANDARD

Independently of the abstention issue, the Court's prior denial of Defendant's motion to dismiss for lack of subject matter jurisdiction turned on a clear procedural error. The Order recognized that Defendant mounted a *factual* Rule 12(b)(1) attack on the Court's subject matter jurisdiction. But the analysis in the Order evaluated that motion using a *facial* pleading standard.

As the Order recognized, there is a significant difference between a facial attack on the Court's subject matter jurisdiction and a factual attack:

> A facial attack asserts that the "allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction," whereas a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."

See Order at 4, quoting *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The Order also recognized that in resolving a factual attack, a court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. And the Order stated that, because Defendant's motion challenged the factual existence of subject matter jurisdiction, "the Court analyzes the Motion as a factual attack under Rule

12(b)(1) and considers the exhibits attached to the Motion, Opposition, and Reply." *Id.* But the Court's analysis did not do that.

Instead of addressing and weighing the *evidence* presented to it, the Order (at page 8) applied a *pleading* test taken from *T.B. Harms v. Eliscu*, 339 F.2d 823 (2d Cir. 1964). The Order evaluated the motion under what it referred to as "essentially a reiteration of the 'well-pleaded complaint' rule that federal jurisdiction exists only when a federal question is presented on the face of a properly pleaded complaint."

By restricting its analysis to what is "presented on the face" of the pleadings, the Order failed to weigh Defendant's extrinsic evidence and treated Plaintiff's allegations as fact. Had the Court actually weighed the evidence in the record, it would have confronted the dispositive fact that this is an internal business entity dispute between non-diverse, 50/50 co-owners of a California limited liability company. (DE 10-1, Ex. 2 at ¶¶ 5 & 7.) Defendant's factual challenge presented Plaintiff's own 12-cause-of-action state court cross-complaint, seeking to litigate ownership of these same sound recordings under state law contract and fiduciary duty theories. (Id., Ex. 3.)

Moreover, the Court overlooked a direct judicial admission from an October 2025 state court hearing, wherein Plaintiff's counsel explicitly argued on the record that the legal determination of ownership over these intellectual property assets rested with the state court as a matter of law. (DE 10-1, Ex. 4 at 6:28-8:3, 8:13–18, & 23:4-24:5; see also Ex. 5 at 5.) These omitted facts establish that the existence of any implied license or shared ownership is strictly a question of state law, entirely divesting this Court of subject matter jurisdiction.

Instead, the Order addressed a "license termination" theory that does not even appear in Plaintiff's federal court complaint but was introduced by Plaintiff

as an argument in Plaintiff's Opposition to Defendant's Motion to Dismiss. (DE 13 at 5.)

When a defendant makes a *factual* challenge to jurisdiction, there is no presumption that the pleadings are true. "[T]he party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 & n.2 (9th Cir. 2003); see also *Safe Air*, 373 F.3d at 1039. But Plaintiff failed to submit any competent factual evidence to support his position. The Order also made no reference to Plaintiff's lack of evidence and thus failed to adequately evaluate whether Plaintiff met his burden to *prove* jurisdiction. See Order at 4–8.

Thus, while recognizing that Defendant's motion was a factual challenge to jurisdiction, the Order analyzed it as a facial challenge. That procedural error justifies reconsideration. If the Court does not dismiss this declaratory relief action on abstention grounds, then it should analyze the question of subject matter jurisdiction under the proper, factual standard. As Plaintiff made no attempt to meet that standard, subject matter jurisdiction is lacking here.

### IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant reconsideration under Local Rule 7-18 of its decision not to abstain in favor of the earlier-filed, pending state court action. Subsequent material developments have established that the state court possesses exclusive *in rem* custody over the receivership asset pool, and this Court should not apply its discretionary declaratory relief authority to interfere with that state *in rem* proceeding.

Alternatively, the Order committed a procedural error by evaluating Defendant's factual challenge to subject matter jurisdiction based on Plaintiff's allegations and arguments, rather than evidence. Reconsideration is warranted to apply the correct standard, and Defendant's uncontroverted record evidence

8

demonstrates that the Court lacks subject matter jurisdiction over Plaintiff's claim for declaratory relief.

Defendant thus respectfully requests the Court to reconsider its Order and dismiss Plaintiff's complaint.

DATED: June 23, 2026                    COUNSEL LLP
                                        By: /s/ David M. Given
                                        David M. Given
                                        Attorney for Defendant

DEF'S NOTICE OF MOTION AND MOTION
Case No. 2:25–cv–10813–JDE