David M. Given (SBN 142375)
COUNSEL LLP
230 California Street, Suite 201
San Francisco, CA 94111
Telephone: 415-227-0555
Email: dgiven@counselllp.com

Attorney for Defendant OTIS JACKSON, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EOTHEN ALAPATT, etc., | Case No. 2:25-cv-10813-JDE |
| Plaintiffs, | |
| v. | **DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION** |
| OTIS JACKSON, JR., p/k/a MADLIB, | |
| Defendant, | Date: Aug. 13, 2026 |
| -and- | Time: 10:00 a.m. |
| | Courtroom: 6A, 6th Floor |
| MADICINE SHOW, LLC, | |
| Nominal Defendant. | |

## INTRODUCTION

Under the prior exclusive jurisdiction doctrine, when a state court assumes custody and control over a disputed res in an in rem proceeding, a federal court *must* abstain from exercising concurrent jurisdiction over that same res. Plaintiffs do not disagree with this baseline rule.

Here, the state court's appointed receiver has taken custody and control of all assets of Madicine Show, including the sound recordings at issue. This act transpired *after* submission of Defendant's motion to dismiss. Again, Plaintiffs do not disagree with this description of the state court proceedings.

Further, in addressing this issue, Plaintiffs make a critical concession. On page 12 of their brief, Plaintiffs "disclaim" those portions of their Complaint seeking to administer and control those sound recordings. The attempt to disclaim their own prayer for relief proves that Plaintiffs' lawsuit directly interferes with the state court's continuing and exclusive jurisdiction over Madicine Show's assets. Thus, the federal court *must* abstain from exercising jurisdiction.

Because mandatory abstention applies here, and because there continues to be a lack of subject-matter jurisdiction, amplified in part by the concession mentioned above, notwithstanding the ruling on Defendant's prior motion to dismiss, Defendant respectfully requests that the Court reconsider its Order denying Defendant's motion and dismiss this action.

## I.  PLAINTIFFS CANNOT CONSTRUCTIVELY AMEND THEIR COMPLAINT TO EVADE MANDATORY ABSTENTION

The opposition to the current motion rests primarily on the assertion that this action is an in personam proceeding which asks the Court to determine a narrow issue of rights between and among the parties. That argument fails on two grounds.

### A. The Face of the Complaint Asserts In Rem Rights

The Complaint asks this Court to "confirm that [Defendant's] works are rightfully the property of Madicine Show" and to "ensure that the copyrights and related assets are properly accounted for and distributed" in the dissolution and windup of that entity. (Compl., DE 1, ¶ 7.) Determining ownership and control of corporate assets already in receivership custody and subject to the state court's

continuing jurisdiction is a paradigmatic in rem proceeding barred by the prior exclusive jurisdiction doctrine. *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (suits to administer or liquidate property in state custody are in rem or quasi in rem); *Chapman v. Deutsche Bank*, 651 F.3d 1039, 1043–44 (9th Cir. 2011) (prior exclusive jurisdiction is mandatory limitation on federal jurisdiction).

### B. Plaintiffs' Disclaimer Confirms Interference with the Res

Plaintiffs seek to avoid abstention by saying that they "seek no order that this Court administer, direct, or distribute any asset, and to the extent the prayer could be read to request such relief, they disclaim it here." (Opp. at 12.) That Plaintiffs felt compelled to disclaim portions of their Complaint, in effect amending their pleading on the fly and without leave, proves that their requested relief would require this Court to exercise competing authority over the same res currently in the state-court receiver's custody. More to the point, if Plaintiffs have disclaimed the above, including any order by this Court directing the disposition of the sound recordings, which Plaintiffs say requires a ruling interpreting the Copyright Act, what then is left of their Complaint to support subject-matter jurisdiction?

### II.   LOCAL RULE 7-18 IS SATISFIED AND THE RECEIVER'S CUSTODY OF THE RES MANDATES ABSTENTION

### A. Defendant's Motion Satisfies the Local Rule for Reconsideration

Plaintiffs argue that the instant motion is defective under Local Rule 7-18(b) because the receiver was appointed prior to the Court's June 9th Order (hereinafter, the "Order"). (Opp. at 6.) But the receiver only assumed this role once the conditions for his appointment were met. (DE 15-1.) Only then did the receiver take custody and control of Madicine Show's assets; that taking was confirmed by the receiver following his swearing in and assumption of duties while the prior

motion to dismiss was pending in this Court. (DE 20-1, at ¶ 5.) Under these circumstances, Local Rule 7-18(b) permits reconsideration of the Order. *Greene Archives v. CMG Worldwide*, 568 F. Supp. 2d 1152, 1163 (C.D. Cal. 2008) (L.R. 7-18(b) supports reconsideration where material facts matured while underlying motion was pending).

Defendant's motion also invoked Local Rule 7-18(c). Contrary to Plaintiffs' assertion that the Court "considered" all record evidence and that Defendant identified no facts the Court ignored (Opp. at 15), the Order failed to consider certain material facts—for example, Plaintiffs' state court cross-complaint requesting that the state court determine issues of sound recording ownership and control (DE 10-1, Ex. 3) and the hearing transcript wherein Plaintiffs' counsel argued that the determination of those issues rested with the state court (DE 10-1, Ex. 4 at 6:28–8:3, 8:13–18, & 23:4–24:5). Defendant identified this evidence in his opening papers. (DE 20 at 7.) Defendant also presented the state court's order appointing a receiver and prospectively mandating seizure of the res (DE 15-1, Ex. 1), which the Order does not even mention in its list of specific documents it considered. (DE 18 at 4.)

This failure to account for material record evidence Defendant presented before the Order was entered satisfies Local Rule 7-18(c). However, should the Court conclude that Local Rule 7-18 is not strictly met, the Court can and should treat the current proceeding as a renewed Rule 12(b)(1) motion or, alternatively, address the matter on its own initiative. Under Federal Rule of Civil Procedure 12(h)(3), "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The issue of subject-matter jurisdiction is always live in the federal courts and cannot be forfeited or waived, as Plaintiffs seem to suggest.

## B. Prior Exclusive Jurisdiction Extends to Intangible Rights in and to Sound Recordings

Plaintiffs do not dispute that under *Chapman*, 651 F.3d at 1043, when a state court assumes custody and control over a res, the federal court is barred from exercising concurrent jurisdiction over that same res. Rather, they appear to argue that a declaration of rights in and to the sound recordings at issue does not interfere with custody or control of the *physical* assets (i.e., tapes) embodying those recordings. (Opp. at 10–12.)

The Ninth Circuit has rejected that distinction. As previously briefed, the Ninth Circuit has held that intangible intellectual property generally, and rights in and to sound recordings specifically, constitute property subject to a court's (quasi) in rem and receivership jurisdiction. *Hendricks & Lewis v. Clinton*, 766 F.3d 991, 995 (9th Cir. 2014); *Office Depot v. Zuccarini*, 596 F.3d 696, 700–02 (9th Cir. 2010). Asking this Court to declare what manner of license Madicine Show may hold in and to the recordings in question interferes with the state court's prior exercise of jurisdiction over the rights in and to those recordings.

## III. THE ORDER ERRED BY APPLYING A FACIAL STANDARD TO A FACTUAL 12(b)(1) ATTACK

Plaintiffs also do not dispute that the Order evaluated Defendant's motion under a facial standard despite Defendant's factual attack on Plaintiffs' assertion of subject-matter jurisdiction. Rather, Plaintiffs attempt to excuse this error by arguing that under *Safe Air v. Meyer*, 373 F.3d 1035 (9th Cir. 2004), the Court was required to assume jurisdiction because the jurisdictional facts were (and presumably remain) "intertwined with the merits" such that "the jurisdictional question and the merits are one and the same: whether federal copyright law governs the termination of the implied license." (Opp. at 17.)

Plaintiffs are wrong. These issues are sequential. They are not intertwined for jurisdictional purposes.

### A. The State-Law Question Comes First

Under Ninth Circuit law, jurisdictional issues and the merits are "intertwined" if and only if "a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air*, 373 F.3d at 1039. But under *Safe Air*, jurisdiction is not ipso facto intertwined with the merits in a case concerning the Copyright Act. To the contrary, where a threshold state-law contract issue subsists, any subsidiary copyright law issue is contingent and not intertwined. This is precisely the Ninth Circuit's holding in *Topolos v. Caldewey*, 698 F.2d 991, 993–94 (9th Cir. 1983).

Here, the assertion that jurisdiction and the merits are intertwined bypasses the antecedent legal question at the core of the parties' dispute, namely: Did the parties' conduct create an implied license or shared ownership interest in and to the sound recordings in question? That question is governed by California state law. *Foad Consulting v. Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001).

If the state court determines under that law that no implied license was created or, alternatively, that the parties understood and intended that any such license would subsist only as long as Madicine Show did, Plaintiffs' copyright termination issue is moot, Section 203 does not apply, and Plaintiffs lack federal standing altogether. Because the state-law issue is antecedent to any federal copyright law subject, the jurisdictional issue is not intertwined with the merits. *Topolos*, 698 F.2d at 993–94.

Plaintiffs' continued reliance on *Effects Associates* and *Rano v. Sipa Press* is misplaced. (Opp. at 17–18.) Federal jurisdiction attached in those cases because the plaintiffs brought claims for copyright infringement. Plaintiffs bring no such claims here; their Complaint asserts a single cause of action for

6

declaratory relief. In *Topolos*, 698 F.2d at 993–94, the Ninth Circuit cautioned that where a plaintiff asserts no infringement claim and asks only that the federal court determine who owns or controls copyrighted works, and the terms and conditions governing such ownership and control, federal jurisdiction is completely lacking.

### B. Plaintiffs Conflate State-Law Contract Questions with Federal Copyright Law

Plaintiffs assert, wrongly, that "the existence, scope, and revocability of an implied nonexclusive license are themselves questions of federal copyright law." (Opp. at 16.) This statement captures the core legal error Plaintiffs invite. By bundling these concepts together, Plaintiffs attempt to transform a state-law contract dispute into a federal copyright issue both to evade abstention and to establish subject-matter jurisdiction.

But Ninth Circuit law decouples these inquiries. In *Foad*, the court held that "state law determines the contract question: whether a copyright holder has, in fact, granted such a license." 270 F.3d at 827. Because the threshold existence of a license is governed entirely by state contract law, as is the issue of the parties' intent in the matter, Plaintiffs' federal action does not "arise under" the Copyright Act. Plaintiffs' assertion that this action turns on statutory termination rights is a post-hoc fiction. (Opp., DE 25, at 11.) Neither the word "termination" nor any reference to 17 U.S.C. § 203 appears in the Complaint.

### C. Because Defendant Mounted a Factual Attack, Plaintiffs' Failure to Present Evidence Requires Dismissal

As noted, the Order recognized that Defendant brought a factual Rule 12(b)(1) challenge. Therefore, Plaintiffs bore the burden to furnish competent evidence to establish jurisdiction. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 & n.2 (9th Cir. 2003). But Plaintiffs submitted zero evidence. They

relied 100% on the bare allegations in their Complaint, which the Order accepted as true, as well as unpleaded assertions in attorney briefs. Evaluating a factual attack by accepting unsupported allegations as true was error warranting reconsideration.

## IV.   PLAINTIFFS' REMAINING ARGUMENTS IN OPPOSITION ARE UNPERSUASIVE

### A. *Griego v. Jackson* Is Inapposite

Plaintiffs devote considerable attention to discussing the history of *Griego v. Jackson*, an unrelated copyright infringement case in which Defendant was a party. (Opp. at 14 & 18–19.) But in that case, the plaintiff conceded the existence of a valid license from the outset. *Griego* therefore provides no support for Plaintiffs' position here.

### B. The Receiver's Report Refers Strictly to Ownership, Not Termination, and Confirms Interference with the Res

Plaintiffs assert that a federal declaration on the copyright termination subject is the "predicate the Receiver is waiting for before he can distribute," and that this Court is the "only forum competent to answer [the controlling question]." (Opp. at 13.) This argument confirms the very interference mandating abstention.

The receiver nowhere mentions federal law, Section 203, or termination; his inventory of corporate assets refers strictly to litigation resolving "ownership." The reference to "ongoing litigation" more logically and naturally refers to the state court dissolution proceeding where state contract claims over ownership are actively being litigated. Those issues appear in Plaintiffs' state court cross-complaint. (DE 10-1, Ex. 3.)

State courts are fully competent—and routinely required—to adjudicate threshold questions of contract formation, property ownership, and the terms and conditions of express or implied licenses. The state court is more than capable of

8

DEF'S REPLY IFSO MOTION FOR
RECONSIDERATION
Case No. 2:25-cv-10813-JDE

determining the ownership rights of the parties under California contract and corporate law.

Moreover, the argument backfires. If a declaration from this Court would dictate, alter, or govern the receiver's administration and final distribution of corporate assets, then this litigation directly touches and interferes with property in his custody and subject to the state court's continuing jurisdiction. Under *Chapman*, federal courts must abstain precisely when a federal ruling would impair or dictate a state court's ongoing management of a res.

**C. The Court May, if Necessary, Exercise Discretion and Abstain**

Last, Plaintiffs assert that this Court "has no discretion" to abstain over copyright-related disputes, citing *Minucci v. Agrama*, 868 F.2d 1113 (9th Cir. 1989). (Opp. at 14.) But, again, that case involved an affirmative claim for statutory copyright infringement.

Where, as here, a plaintiff asserts a purely declaratory relief cause of action under 28 U.S.C. § 2201(a), federal courts are not bound by *Colorado River*'s "virtually unflagging obligation" standard. *Wilton v. Seven Falls*, 515 U.S. 277, 286–88 (1995); *Government Employees Ins. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998); *Seven Arts Pictures v. Fireworks Ent.*, 2005 WL 8159822, at *3 & *6 (C.D. Cal. Aug. 16, 2005) (staying federal action involving copyright ownership and joint venture rights pending resolution of parallel non-federal contract litigation).

Plaintiffs' "virtually unflagging obligation" argument also fails in that it ignores the prior exclusive jurisdiction doctrine. Under *Princess Lida* and *Chapman*, both cited above, when a state court assumes custody and control of a res—such as occurred here—a federal court *must* yield to prevent interference with the state court's otherwise plenary jurisdiction over the matter.

DEF'S REPLY IFSO MOTION FOR
RECONSIDERATION
Case No. 2:25-cv-10813-JDE

## V.   CONCLUSION

For the reasons set forth above and in his moving papers, Defendant respectfully requests that the Court dismiss Plaintiffs' Complaint.

DATED: July 30, 2026                  COUNSEL LLP
                                      By: /s/ David M. Given
                                      David M. Given
                                      Attorney for Defendant

DEF'S REPLY IFSO MOTION FOR
RECONSIDERATION
Case No. 2:25-cv-10813-JDE