UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

| | |
|---|---|
| Present: The Honorable | John D. Early, United States Magistrate Judge |

| | |
|---|---|
| Amber Rodriguez | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Denying Motion to Dismiss (Dkt. 31)

## I. INTRODUCTION

On November 11, 2025, Plaintiff Eothen Alapatt ("Plaintiff") initiated this action on behalf of himself and derivatively on behalf of Plaintiff Madicine Show, LLC. Dkt. 1 ("Complaint"). Defendant Otis Jackson, Jr. ("Defendant") moved to dismiss Plaintiff's Complaint for lack of jurisdiction on December 16, 2025. Dkt. 10 ("Defendant's First Motion"). The previously assigned judicial officer denied Defendant's First Motion on June 9, 2026. (the "Prior Order"). Dkt. 18. This case was reassigned to the undersigned on June 11, 2026. Dkt. 19. Following a hearing on a motion to reconsider the Order filed by Defendant, Plaintiff to file a First Amended Complaint on August 21, 2026. Dkt. 30 ("FAC"). Defendant filed a Motion to Dismiss the FAC on September 11, 2026. Dkt. 31 ("Motion"). Plaintiff filed an Opposition (Dkt. 32, "Opposition") with a Request for Judicial Notice (Dkt. 33) on September 24, 2026. Defendant filed a Reply on October 1, 2026. Dkt. 34 ("Reply"). On October 15, 2026, the parties were heard regarding the Motion. The Court now rules as follows.

## II. SUMMARY OF ALLEGATIONS

Plaintiff is a music producer and businessperson. FAC ¶ 13. Defendant is a music producer and recording artist. Id. ¶ 15. In 2011, Plaintiff and Defendant co-founded nominal defendant Madicine Show, a boutique music-catalogue enterprise engaged in the creation, licensing, and distribution of recorded hip-hop works. Id. ¶¶ 13-15, 21. Plaintiff and Defendant collaborated as follows: Defendant generated "beats" and instrumental compositions, and Plaintiff shaped those materials into finished songs by pairing them with recording artists' performances and producing those projects. Id. ¶¶ 3, 21-22. Defendant granted Madicine Show the rights necessary to exploit his recordings and Plaintiff, in turn, managed their licensing, distribution, and collaboration with third-party artists. Id. ¶ 4.

In 2024, Defendant created a new music entity called Madlib Invazion, LLC, which was the same name that Madicine Show used publicly as its "DBA." FAC ¶ 25. On October 31, 2024, Defendant filed a lawsuit in Los Angeles Superior Court (Case No. 24STC903525) against Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

and others. Id. ¶¶ 5, 26. Defendant's amended state court complaint asserted claims for the Judicially Supervised Dissolution and Wind Up of the Entities; Breach of Statutory Duties of Loyalty, Care, and Good Faith; Breach of Common Law Fiduciary Duty; and Declaratory Relief. Id. ¶ 26. On October 10, 2025, the state court appointed a receiver to oversee the dissolution and wind-up of Madicine Show. Id. ¶¶ 6, 27.

At the center of the proposed wind-up lies the question of who owns the copyrights in the recordings created and exploited by Madicine Show (the "Recordings"). FAC ¶ 28. Plaintiff contends that the Recordings are controlled by an implied, nonexclusive license (the "alleged licenses") to Madicine Show that may be terminated only under the procedures set forth in 17 U.S.C. § 203 ("section 203"). Id. ¶ 29. On this basis, Plaintiff brings this action derivatively on behalf of Madicine Show to obtain a judicial declaration under 28 U.S.C. § 1338(a) and 28 U.S.C. §§ 2201-2202 (the "Declaratory Judgment Act") of the parties' respective ownership rights in the Recordings. Id. ¶¶ 7, 30-33. Plaintiff alleges resolution of this controversy requires interpretation of 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Id. ¶ 32.

In his Motion, Defendant argues that Plaintiff's FAC should be dismissed on the following grounds: (1) lack of subject-matter jurisdiction because the action does not "arise under" federal copyright law (Motion at 9-11); (2) the prior exclusive jurisdiction doctrine, which mandates that this Court abstain from jurisdiction (id. at 11-13); and (3) failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) (id. at 13-14).

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id. In resolving a facial attack, the court accepts the allegations are true and draws all reasonable inferences in the plaintiff's favor. Snyder & Assocs. Acquisitions LLC v. United States, 859 F.3d 1152, 1157 (9th Cir. 2017). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039. The plaintiff bears the burden of showing a court has subject matter jurisdiction. See Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014).

Separately, Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). In assessing a motion to dismiss for failure to state a claim, courts accept allegations of material fact as true and construe them in the light most favorable to the plaintiff. See Lazy Y Ranch Ltd. v. Behrens, 546

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

F.3d 580, 588 (9th Cir. 2008). However, courts need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

To survive a Rule 12(b)(6) motion to dismiss, the pleading must allege enough specific facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation omitted). The pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (internal citation omitted). Allegations that are "merely consistent with" a defendant's liability or reflect only "the mere possibility of misconduct" do not show "that the pleader is entitled to relief," and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations omitted). "Taken together, Iqbal and Twombly require well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.' The plausibility of a pleading thus derives from its well-pleaded factual allegations." Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (internal citations omitted).

## IV.
## DISCUSSION

### A. This Court Has Subject-Matter Jurisdiction over this Action

Defendant argues that this Court lacks subject-matter jurisdiction because: (1) the action does not "arise under" federal copyright law; (2) Plaintiff's section 203 claim is not ripe; and (3) section 203 does not create a mandatory license term. The Court discusses each of these arguments in turn, below.

1. "[A]rising under" the Copyright Act

The federal courts have exclusive jurisdiction over "any civil action arising under any Act of Congress relating to . . . copyrights." 28 U.S.C. § 1338(a). At the same time, it is well established that just because a case involves a copyright does not mean that federal subject matter jurisdiction exists. Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 2003). Federal courts have dismissed complaints in copyright cases presenting only questions of contract law. Dolch v. United California Bank, 702 F.2d 178, 180 (9th Cir. 1983). As a result, the federal courts walk a line between avoiding usurping the power of the state courts and providing redress for copyright infringement. Scholastic Ent., Inc. v. Fox Ent. Grp, Inc., 336 F.3d 982, 986 (9th Cir. 2003). This balancing can be further complicated by the interdependence of contract and copyright claims, which can camouflage the genuine issues to be resolved. See, e.g., Vestron, 839 F.2d at 1382.

The Ninth Circuit follows the majority rule outlined in T.B. Harms Co. v. Eliscu, 339 F.2d 823 (2d Cir. 1964), to determine if copyright subject matter jurisdiction exists. See, e.g., Dolch, 702 F.2d at 180; see also Scandinavian Satellite Sys. v. Prime TV Ltd., 291 F.3d 839, 844 (D.C. Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
|---|---|---|---|
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

2002); Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343, 347 (2d Cir. 2000). "The T.B. Harms test requires the district court to exercise jurisdiction if: (1) the complaint asks for a remedy expressly granted by the Copyright Act; (2) the complaint requires an interpretation of the Copyright Act; or (3) federal principles should control the claims." Scholastic, 336 F.3d at 986 (citing Bassett, 204 F.3d at 349).

Defendant first asserts that the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, does not independently confer subject-matter jurisdiction. Motion at 9. However, Plaintiff also asserts jurisdiction under the Copyright Act and 28 U.S.C. § 1338(a). FAC ¶ 1. In Doc's Dream, LLC v. Dolores Press, Inc., 959 F.3d 357 (9th Cir. 2020), the Ninth Circuit held that a claim for copyright abandonment, even when asserted in a claim for declaratory relief, "arises under" the Copyright Act. The Ninth Circuit reasoned that "the [Declaratory Judgment Act] and Copyright Act work in tandem. In certain circumstances, jurisdiction in federal court arises under the Declaratory Relief Act as well as being premised on the need to construe the provisions of the Copyright Act." Id. at 363 (quotation and citation omitted). Here, as in Doc's Dream, Plaintiff's FAC requires construction of the Copyright Act, as discussed below, and thus "arises under" the Copyright Act, providing a proper basis for subject matter jurisdiction.

Here, although Plaintiff does not seek a remedy expressly granted by the Copyright Act, he argues that the FAC arises under the Copyright Act under the second T.B. Harms prong because it requires construction of the Copyright Act. Opposition at 9-10. Indeed, the FAC requires construction of the Copyright Act because it alleges that Defendant's termination of the alleged licenses was improper under section 203. FAC at 11-13. Defendant argues that the underlying action here does not seek a statutory remedy under the Act or a construction of the Act. Mot. at 9-10. Defendant frames the FAC as seeking to establish the "nature and scope of an implied license, including whether the parties intended for it to end upon Madicine Show's dissolution." Id. According to Defendant, this is a question to be determined under state contract law, not the Copyright Act. However, the FAC seeks a narrow relief, that is, declarations that: the parties entered into the alleged licenses over the Recordings; Defendant's termination of the alleged licenses was ineffective under section 203; and Madicine Show is entitled, under the Copyright Act, to continue exploiting the alleged licenses. FAC at 12. The FAC does not include the legal theories Defendant claims in the Motion. See Effects Assocs., Inc. v. Cohen, 817 F.2d 72, 73 (9th Cir. 1987) (a plaintiff is "master of his claim," and a plaintiff's "choice of framing" the action governs whether the claim "arises under" the Copyright Act). As discussed below, within the Ninth Circuit, questions about termination of indefinite copyright licenses are determined by section 203, not state law. See, e.g., Rano v. Sipa Press, Inc., 987 F.2d 580, 585 (9th Cir. 1993). Further, the authorities Defendant relies on are inapposite because they concern allegations about fixed-term contracts and thus do not bear upon the issue of termination under section 203. See Scholastic, 336 F.3d at 986; Topolos v. Caldewey, 698 F.22d 991, 993 (9th Cir. 1983).

Accordingly, the Court finds the FAC asserts claims that "arise under" the Copyright Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

2. Plaintiff's section 203 claim is ripe

Defendant next argues that section 203 of the Copyright Act applies to the FAC only if the state court determines that Defendant granted the alleged licenses to Madicine show of indefinite duration. Motion at 10. Further, Defendant argues that Plaintiff has failed to plead a "definite and concrete controversy" because "the amended pleading contains zero allegations of an imminent copyright infringement claim." Reply at 7. The Court finds Plaintiff's section 203 claim is ripe.

"Under Article III of the United States Constitution, a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 299 (1998). However, questions of the scope and abandonment of an implied copyright interest are governed by the Copyright Act, not state contract law. Doc's Dream, 959 F.3d 357 (holding "any action that turns on the existence of a valid copyright," "whether that copyright has been infringed," or turns on the issue of "copyright abandonment" arises under the Copyright Act). Plaintiff's section 203 act is ripe now, the state court action notwithstanding.

Under the Copyright Act, a claim seeking declaratory relief is ripe if the claimant "is currently engaged in, and has alleged that it will continue to engage in, the use and exploitation of the" copyrighted materials. Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1556 (9th Cir. 1989). Id. Here, the state-court receiver is apparently charged with disposing of the alleged licenses, and Defendant asserts ownership over the Recordings.[1] FAC at 6. This is sufficient to cause Plaintiff "a 'real and reasonable apprehension' that [he will] be the subject of an infringement action if [he] continued with [his] use" of the Recordings. Hal Roach, 896 F.2d at 1555-56. Plaintiff need not wait for Defendant to assert a copyright infringement claim for a claim to be ripe. See Ray Charles Found. v. Robinson, 795 F.3d 1116, at 1117 ("[Q]uestions regarding the nature of the underlying works, such as . . . when their respective termination dates would be effective . . . . Do not require [the court] to engage in abstract inquiries about speculative injuries.").

Defendant further argues, without supporting legal authority, that Madicine Show cannot continue exploiting the alleged licenses over the Recordings because Defendant executed and filed a Form LLC-3 and the state court ordered Madicine Show to cease all business activities except windup. Motion at 10. Plaintiff alleges that a dissolved entity in wind-up retains the right to realize on and dispose of its assets, including the catalog and the royalty streams it generates. Opposition

[1] Plaintiff also requests judicial notice that Madlib Invazion, LLC, a corporation managed solely by Defendant, registered a copyright on Piñata, a work covered by the alleged licenses. Dkt. 33. Defendant argues that the Court should not consider this allegation because it was not included in the operative pleading and Madlib Invazion, LLC is not a party to this action. Reply at 6. Because the Court finds the claims in the FAC ripe, the Court need not address Madlib Invazion, LLC's alleged copyright registration and denies the Request for Judicial Notice (Dkt. 33) as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
|---|---|---|---|
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

at 14. The Court herein does not decide how a state court receiver should assign rights in the alleged licenses. However, Plaintiff's alleged copyright license is not extinguished under the Copyright Act merely because Madicine Show has dissolved, as discussed in the Rule 12(b)(6) discussion below.

3. Section 203 preemption

In Rano, the Ninth Circuit held that section 203 preempted state law when considering whether a copyright owner had properly revoked a license with an indefinite term. Rano, 987 F.2d at 584. The plaintiff alleged copyright infringement, and the defendant argued that the plaintiff had given him a copyright license with an indefinite term. The defendant conceded that he had given plaintiff a license at one point but argued that he had terminated the agreement. Id. at 585. Under California contract law, agreements of non-specified duration are terminable at the will of either party. Id. (citing Zimco Rests., Inc. v. Bartenders and Culinary Workers' Union, Local 340, 165 Cal. App. 2d 235 (1958)). However, the Ninth Circuit held that California state law was preempted by section 203, which provides that "licensing agreements are not terminable at will from the moment of creation; instead, they are terminable at the will of the author only during a five-year period beginning at the end of thirty-five years from the date of execution of the license unless they explicitly specify an earlier termination date." Id. at 586 (citing section 203). The parties' oral contact, which was evidenced by several letters and operative for approximately eight years, was "executed and [was] within the purview of [s]ection 203 and [was] not terminable at will." Id. at 585-86.

Here, as in Rano, Plaintiff alleges that the parties had an oral agreement over the Recordings that governed their relationship for over a decade, which did not have a specified term. FAC ¶ 20. Plaintiff alleges that the alleged licenses carried indefinite terms. FAC ¶ 24. The FAC's facially valid invocation of section 203 creates subject matter jurisdiction. Rano, 987 F.2d at 586.

Defendant's arguments to the contrary are not persuasive. First Defendant argues that Rano falls under heavy criticism by Professor Nimmer in 3 Nimmer on Copyright § 11.02[B][2] as well as being called into "'serious question' by other Circuit courts." Motion at 11 (citing Scholastic, 336 F.3dd at 988 n.2)); see Walthal v. Rusk, 172 F.3d 481, 483-84 (7th Cir. 1999). Regardless, Rano remains binding in the Ninth Circuit. See, e.g., Aquarian Found., Inc. v. Lowndes, 127 F.4th 814, 822 (9th Cir. 2025) (discussing Rano). However, unless and until overruled or revisited by the circuit, this Court is bound by binding Ninth Circuit authority. Second, Defendant attempts to distinguish Rano on the grounds that the alleged licenses did not indicate an indefinite term. Specifically, Defendant argues that "Rano dealt with a subsisting copyright license made at arms-length with a bona fide third party," while the alleged licenses here "implied permission to [Defendant's] 50%-owned business entity, the vehicle the parties used to commercialize [Defendant's] recorded music." Motion at 11. However, in Rano, the operative fact was that "[i]t [was] undisputed that the licensing agreement did not contain any provision, either express or implied, regarding its duration." Rano, 987 F.2d at 585. Here, Defendant seems to argue that a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

term limit may be implied by the fact that the parties used Madicine Show "as a vehicle" for the alleged licenses, and thus the parties intended the alleged licenses to terminate when Madicine Show dissolved. Motion at 11 (citing FAC ¶¶ 1,24). While nothing herein precludes Defendant from asserting such an interpretation at trial, Plaintiff alleges that "[t]he parties never agreed to any fixed term, expiration, or termination date for [the alleged licenses]; its duration was and remains unspecified." At this stage, the Court must accept as true Plaintiff's plausible factual allegations and reasonable inferences drawn therefrom. Snyder, 859 F.3d 1152, 1157 (9th Cir. 2017).

Finally, Defendant argues that Rano applies narrowly to conflicts between section 203's statutory termination mechanism and California's terminable-at-will doctrine as applied to an active contract between living parties, and not to California's dissolution rules. Reply at 4. However, Rano contains no such limitation; central to the decision was the statement that when "California law and federal law are in direct conflict, federal law must control." Rano, 987 F.2d at 585 (citing Fidelity Federal Savings & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153 (1982)). Defendant does not cite any authority to support a carve out from Rano for state corporate dissolutions. While Defendant cites Cal. Civ. Code §§ 1647-48, these statutes merely direct that, under California law, the terms of a contract may be interpreted with reference to circumstances and the parties' intent. See Cal. Civ. Code §§ 1647-48. Again, nothing herein prevents Defendant at trial from offering evidence of the parties' intent, but at this stage, the Court will not ignore Plaintiff's factual allegations that the "parties never agreed to any fixed term, expiration, or termination date" for the alleged licenses.

For the foregoing reasons, the Court finds that it has subject matter jurisdiction over Plaintiff's FAC.

**B. The Court Will Not Abstain from Exercising Jurisdiction over the FAC**

1. Prior exclusive jurisdiction doctrine does not mandate dismissal

Defendant argues that, even if the Court has subject matter jurisdiction, the prior exclusive jurisdiction doctrine mandates dismissal. Motion at 11-13; Reply 9-10. The gravamen of Defendant's argument is that a holding from this Court concerning Plaintiff's copyright interest in the Recordings would interfere with the state receiver's custody of the Recordings. Motion at 12. Plaintiff alleges that the prior exclusive jurisdiction doctrine does not apply because the present action is in personam. The Court agrees with Plaintiff.

The prior exclusive jurisdiction doctrine holds that "when one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res." Marshall v. Marshall, 547 U.S. 293, 311 (2006) (emphasis omitted). "Although the doctrine is based at least in part on considerations of comity and prudential policies of avoiding piecemeal litigation, it is no mere discretionary abstention rule. Rather, it is a mandatory jurisdictional limitation." State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 810 (9th Cir. 20030) (cleaned up). "But where a judgment is 'strictly in personam . . . both a state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

court and a federal court having concurrent jurisdiction may proceed with the litigation.'" Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego, 865 F.3d 1237, 1253-54 (9th Cir. 2017) (quoting Penn. Gen. Cas. Co. v. Pennsylvania ex rel. Schnader, 294 U.S. 189, 195 (1936)). "An action is in rem when it 'determine[s] interests in specific property as against the whole world.'" Id. at 12 (quoting State Eng'r, 339 F.3d at 811). "On the other hand, where a party initiates an action merely to determine the personal rights and obligations of the parties, the Court asserts in personam jurisdiction." Id. (cleaned up). When applying the doctrine, the Court does not "exalt form over necessity," but instead looks "behind the form of the action to the gravamen of a complaint and the nature of the right sued on." State Eng'r, 339 F.3d at 810 (quotations and citations omitted).

Here the FAC requests declarations that Defendant granted Madicine Show an implied, nonexclusive copyright license of unspecified duration in the Recordings and Defendant had and has no right to unilaterally revoke that right. FAC at 13. Should the Court rule in favor of Plaintiff, nothing in the Court's order would require taking custody of the Recordings from the receiver. Defendant's authorities are inapposite because they concern whether a federal court can take possession of and liquidate property under state control. See Marshall, 547 U.S. at 311; State Eng'r, 339 F.3d at 809-11; Penn Gen. Cas. Co., 294 U.S. at 196-97; Exec. Risk v. Pac. Educ. Servs., Inc., 451 F. Supp. 2d 1147, 1155 (D. Haw. 2006). Under Defendant's interpretation of the prior exclusive jurisdiction doctrine, the Court does not have jurisdiction to adjudicate any in personam action that could potentially impact how a state court disposed of property in its control. However, as discussed above, the Court retains jurisdiction over in personam actions determining the personal rights and obligations of the parties. Goncalves, 865 F.3d at 1253-54.

Accordingly, the Court finds that the prior exclusive jurisdiction doctrine does not mandate dismissal here.

2. Abstention is not warranted under the Brillhart/Dizol factors

Plaintiff argues this Court has no discretion to abstain from actions that lie within the exclusive jurisdiction of the federal courts. Opposition at 17. Because Copyright claims lie within the exclusive jurisdiction of the federal courts, Plaintiff argues this Court may not abstain from this action. Id. (first citing 28 U.S.C. § 1338(a); then Minucci v. Agrama, 868 F.2d 1113, 1115 (9th Cir. 1989)). In his Reply, Defendant argues that the Court has discretion to abstain from pure declaratory actions under Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 282, 288 (1995). Reply at 8-9.

In a lawsuit seeking federal declaratory relief, the Court "must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'" Gov. Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952)). In deciding whether to abstain, this Court must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

consider the Brillhart factors: (1) the Court should avoid needless determination of state law issues; (2) it should discourage litigants from filing declaratory actions as a means of forum shopping; and (3) it should avoid duplicative litigation. Id. at 1225 (citations omitted).

Assuming the Brillhart factors apply, the factors do not support abstention. For the first factor, Defendant argues that Plaintiff's section 203 claim constitutes a needless determination of state law issues because the claim "is contingent on threshold contractual questions." Reply at 8. However, as discussed above, Plaintiff's section 203 claim arises under the Copyright Act, not state contract law. Federal copyright law preempts any state copyright law at issue here. See Rano, 987 F.2d at 585. On the second factor, Defendant argues that, should this Court exercise jurisdiction, it would "encourage tactical forum-shopping and piecemeal litigation." Reply at 8-9 (first citing Wilton, 515 U.S. at 283; then Dizol, 133 F.3d at 1225). Defendant, however, does not explain how this Court would encourage forum shopping by exercising its exclusive jurisdiction over a claim arising under the Copyright Act. See ColorTokens, Inc. v. Medovich, 2018 WL 10319784, at *4 (N.D. Cal. Aug. 30, 2018) ("On balance, while the record may reflect some strategic decisionmaking by [plaintiff], it falls short of demonstrating an improper attempt to relitigate its entire state action in this forum."); Chromologic LLC v. Yang, 2013 WL 12125537, at *5 (C.D. Cal. May 9, 2013) ("[T]he mere duplicativeness of parallel state and federal proceedings is insufficient to justify abstention. The [c]ourt discerns no congressionally declared policy to avoid piecemeal litigation for the particular issues in this case . . . copyright infringement claims, if they exist, will have to be asserted in federal court . . . ."). Finally, Defendant argues that Plaintiff's FAC interferes with the state receiver's control of the Recordings. Reply at 8. As discussed above, the FAC does not seek relief that would interfere with the state receiver's control of the Recordings.

Thus, the Court finds that, under the Brillhart factors, abstention is not appropriate.

**C. Rule 12(b)(6)**

Defendant argues that, should the Court decline to abstain, the FAC does not state a claim upon which relief may be granted under Rule 12(b)(6). The crux of Defendant's Rule 12(b)(6) argument is that "a nonexclusive copyright license expires by operation of law upon the dissolution of the entity licensee." Motion at 13 (citing Harris v. Emus Recs. Corp., 734 F.2d 1329, 1333-34 (9th Cir. 1984)). As Plaintiff alleges the license belonged to Madicine Show, the alleged licenses were extinguished when the state court dissolved Madicine Show. Id.

In Harris, the plaintiff, a singer, entered into a written agreement with a recording company in which she agreed to record an album in exchange for royalties of each record sold. Harris, 734 F.2d at 1331. The recording company later filed for bankruptcy, and the bankruptcy trustee sold the master tape of the album to one of the defendants, Sullen Productions, Inc. Id. at 1332. Sullen then transferred "any rights it acquired" in the album to defendant Emus Recordings. Id. Emus re-released a duplicate of the album. Id. Then, defendants Sullen and Emus licensed defendant Roulette Records, Inc. to license foreign sales of the album. Id. Roulette then provided a master of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10813-JDE | Date | October 15, 2026 |
| Title | Eothen Alapatt, etc. v. Otis Jackson, Jr., et al. | | |

the album to foreign manufacturers. Id. The plaintiff never received any royalties for the album from the defendants. Id. The Harris court held that, under the Bankruptcy Act, the recording company's license was not an interest that could pass to the bankruptcy trustee, and thus, the defendants did not have licenses to reproduce the album. Id. at 1334. The Harris court, analogizing to patent law, reasoned that a copyright license is effectively "an agreement not to sue the licensee for infringement" but did not itself carry a copyright interest that could be transferred to other parties. Id. (collecting cases).

The Court finds that Harris is inapposite here. The FAC does not require the Court to consider whether Plaintiff may transfer the alleged licenses. The Court may, in the context of an action for declaratory relief, determine whether Plaintiff has a valid license in the Recordings under the Copyright Act without deciding whether Plaintiff may transfer that license to others. Defendant's other authorities are inapposite because they also concern whether the alleged licenses may be transferred, not whether a license was created or terminated. See, e.g., Effects Assocs. v. Cohen, 908 F.2d 555, 558 (9th Cir. 1990); Gardner v. Nike, 279 F.3d 774, 780 (9th Cir. 2002).

Accordingly, Defendant's Rule 12(b)(6) challenge to the FAC is not well-taken.

## V.
## CONCLUSION AND ORDER

For the foregoing reasons, the Motion (Dkt. 31) is DENIED. Per Fed. R. Civ. P. 12(a)(4)(A), Defendant is ordered to file his answer to the FAC within 14 days from the date of this Order.

IT IS SO ORDERED.

Initials of Courtroom Deputy: ARO